**WAJDA LAW GROUP, APC**
Nicholas M. Wajda (State Bar No. 259178)
6167 Bristol Parkway, Suite 200
Culver City, California 90230
Telephone: 310-997-0471
Facsimile: 866-286-8433
E-Mail: nick@wajdalawgroup.com
*Attorney for Plaintiff*

### UNITED STATES DISTRICT COURT

### CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| NATHALIE FARJO,<br><br>　　　　　Plaintiff,<br><br>　v.<br><br><br>SYNERGETIC COMMUNICATIONS, INC. d/b/a SYNCOM,<br><br>　　　　　Defendant. | Case No. 2:20-cv-01753<br><br>**COMPLAINT FOR DAMAGES**<br><br>1. **VIOLATION OF THE FAIR DEBT COLLECTION PRACTICES ACT, 15 U.S.C. § 1692 *ET SEQ.*;**<br><br>2. **THE TELEPHONE CONSUMER PROTECTION ACT, 47 U.S.C. § 227 *ET SEQ.*;**<br><br>3. **VIOLATION OF THE ROSENTHAL FAIR DEBT COLLECTION PRACTICES ACT, CAL. CODE §1788 *ET SEQ.***<br><br>**JURY TRIAL DEMANDED** |

**NOW COMES** Nathalie Farjo ("Plaintiff"), by and through her attorneys, Wajda Law Group, APC ("Wajda"), complaining of Synergetic Communications, Inc. d/b/a Syncom ("Defendant") as follows:

#### NATURE OF THE ACTION

1.　　Plaintiff brings this action seeking redress for violations of the Fair Debt Collection Practices Act ("FDCPA") pursuant to 15 U.S.C. § 1692, the Telephone Consumer Protection Act

1

("TCPA") pursuant to 47 U.S.C. §227, and violations of the Rosenthal Fair Debt Collection Practices Act ("RDFCPA") pursuant to Cal. Civ. Code §1788.

2. Subject matter jurisdiction is conferred upon this Court by the FDCPA, TCPA, and 28 U.S.C. §§1331 and 1337, as the action arises under the laws of the United States. Supplemental jurisdiction exists for the state law claim pursuant to 28 U.S.C. §1367.

3. Venue is proper in this Court pursuant to 28 U.S.C. §1391 as Plaintiff resides in the Central District of California, and Defendant conducts business in the Central District of California and maintains significant business contacts in the Central District of California.

**PARTIES**

4. Plaintiff is a natural person over 18-years-of-age who, at all times relevant, resided in the Central District of California.

5. Defendant is a debt collection agency organized under the laws of the state of Texas with its principal place of business located at 5450 NW Central Drive, Suite 1000, Houston, Texas 77092. Defendant acted through its agents, employees, officers, members, directors, heirs, successors, assigns, principals, trustees, sureties, subrogees, representatives and insurers at all times relevant to the instant action.

**FACTS SUPPORTING CAUSES OF ACTION**

6. On or around December 28, 2019, Defendant began placing unsolicited phone calls to Plaintiff's cellular telephone number (626) XXX-2032.

7. At all times relevant to this instant action, Plaintiff was the sole subscriber, owner, possessor, and operator of her cellular telephone number ending in 2032.

8. Plaintiff was perplexed why Defendant was calling her because she did not have a business relationship with Defendant, and Defendant was attempting to collect a defaulted debt that did not belong to her ("alleged debt").

9. Plaintiff *never* provided her cellular telephone number to Defendant or otherwise expressly consented to Defendant's phone calls.

10. On December 27, 2019, Plaintiff returned a phone call from Defendant and was informed by a representative that he could not locate any of her information in Defendant's system. Instead, Defendant acknowledged that it had the wrong number. Defendant's representative apologized to Plaintiff and assured Plaintiff her phone number would be removed from its system.

11. Despite Defendant acknowledging that Plaintiff was the wrong party, and that Plaintiff's phone number would be removed from its system, Defendant continued to place multiple unsolicited calls to Plaintiff's cellular phone without her prior consent.

12. On January 2 and 3, 2020, Plaintiff received no less than two calls each day.

13. On January 3, 2020, Plaintiff called Defendant *again* and spoke with at least one representative, who again assured her that she would no longer receive phone calls.

14. On both January 6 and 8, 2020, Plaintiff received at least one call each day.

15. On January 8, 2020, Plaintiff returned another call from Defendant and spoke with a supervisor named Robert. Robert stated that Plaintiff was removed from Defendant's phone systems, but had forgotten to remove her from its other system. Robert assured her that she would not receive more calls from Defendant and to call him directly if she did.

16. On January 13, 14, and 15, 2020, Plaintiff received at least one missed call each day.

17. As directed, Plaintiff called Robert on January 15, 2020 to inform him of the continued calls. Robert apologized and informed her that he was unsure as to why she was still receiving calls from Defendant.

18. During this call, Robert searched Plaintiff's Social Security number in an effort to

find any accounts linked to her. Robert was also unable to locate her by any spellings of her name and escalated the situation to Defendant's IT Department.

19. On January 16, 2020, Plaintiff received no less than two missed calls from Defendant.

20. On the same day, Plaintiff again called Robert directly, who apologized and informed Plaintiff that the situation was being handled by its IT Department.

21. On January 17, 2020, Plaintiff again received no less than two phone calls from Defendant.

22. On that same day, Plaintiff called Robert again, who thanked Plaintiff for her patience and stated that Defendant is continuing to work on the issue.

23. On January 23, 2020, Plaintiff received three missed calls and another call on January 29, 2020.

24. After receiving another missed call from Defendant on January 30, 2020, Plaintiff researched Defendant's address and issued a cease and desist letter, mailed via certified mail with a return receipt requested.

25. On February 2, 2020, Defendant's representative "Jessica" executed the signature card, proving that the cease and desist letter was received by Defendant.

26. Despite Plaintiff's multiple oral and written revocations, Defendant continued to place unsolicited phone calls to Plaintiff's cellular telephone number without her prior consent.

27. Between February 2 and 10, 2020, Plaintiff continued to received phone calls, some days totaling up to four calls in a 24-hour period.

28. Failing to acquiesce to Plaintiff's demands that it stop calling her cellular phone, Defendant continued to call Plaintiff without her consent numerous times between December 18, 2019 and the present day.

29. During the phone calls Plaintiff answered, Plaintiff was greeted by a noticeable period of "dead air" while Defendant's telephone system attempted to connect Plaintiff to a live agent.

30. Specifically, there would be an approximate 3 second pause between the time Plaintiff said "hello," and the time that a live agent introduced them self as a representative of Defendant attempting to collect on the subject debt.

31. Defendant mainly uses the phone number (866) 456-3526 to place phone calls to Plaintiff's cellular phone, but upon information and belief, it may have use other phone numbers to contact Plaintiff without her consent.

## DAMAGES

32. Defendant's wanton and malicious conduct has severely impacted Plaintiff's daily life and general well-being.

33. Plaintiff has expended time and incurred costs consulting with her attorney as a result of Defendant's unfair, deceptive, and misleading actions.

34. Plaintiff was unduly inconvenienced and harassed by Defendant's unlawful attempts to collect the subject debt.

35. Defendant's phone harassment campaign and illegal collection activities have caused Plaintiff actual harm, including but not limited to, invasion of privacy, nuisance, intrusion upon and occupation of Plaintiff's cellular telephone capacity, wasting Plaintiff's time, increased risk of personal injury resulting from the distraction caused by the phone calls, aggravation that accompanies unsolicited phone calls, harassment, emotional distress, anxiety, loss of concentration, diminished value and utility of her telephone equipment and telephone subscription services, the wear and tear caused to her cellular telephone, the loss of battery charge, the loss of battery life, and the per-kilowatt electricity costs required to recharge her cellular telephone as a

result of increased usage of her telephone services.

## COUNT I – VIOLATIONS OF THE FAIR DEBT COLLECTION PRACTICES ACT

36. Plaintiff restates and realleges paragraphs 1 through 35 as though fully set forth herein.

37. Plaintiff is a "consumer" as defined by FDCPA §1692a(3).

38. Defendant is a "debt collector" as defined by §1692a(6) because its primary business is the collection of delinquent debts and it regularly collects debts and uses the mail and/or the telephones to collect delinquent accounts allegedly owed to a third party.

39. Moreover, Defendant is a "debt collector" because it acquired rights to the subject debt after it was in default. 15 U.S.C. §1692a(6).

40. The debt which Defendant is attempting to collect upon is a "debt" as defined by FDCPA §1692a(5) as it arises out of a transaction due or asserted to be owed or due to another for personal, family, or household purposes.

41. Defendant used the phone to attempt to collect the subject debt and, as such, engaged in "communications" as defined in FDCPA §1692a(2).

42. Defendant's communications to Plaintiff were made in connection with the collection of the subject debt.

43. Defendant violated 15 U.S.C. §§1692c(a)(1), d, d(5), e(2), e(10), f, and f(1) through its unlawful debt collection practices.

**a. Violations of FDCPA §1692c**

44. Defendant violated §1692c(a)(1) when it continuously called Plaintiff after being notified to stop. This repeated behavior of continuously and systematically calling Plaintiff's cellular phone over and over after she demanded that it cease contacting her was harassing and abusive. Even after being told to stop contacting her and acknowledging that Plaintiff did not want

to receive phone calls, Defendant continued its onslaught of phone calls with the specific goal of oppressing and abusing Plaintiff into paying a debt that she did not legally owe.

45. Furthermore, the large volume of calls shows that Defendant willfully ignored Plaintiff's pleas with the goal of annoying and harassing her into submission.

46. Defendant was notified by Plaintiff that its calls were not welcome. As such, Defendant knew that its conduct was inconvenient, unwanted, and distressing to her.

### b. Violations of FDCPA §1692d

47. Defendant violated §1692d by engaging in abusive, harassing, and oppressive conduct by relentlessly calling Plaintiff's cellular phone seeking payment on the alleged debt that did not belong to her. Moreover, Defendant continued placing the relentless calls after Plaintiff put Defendant on notice that she did not owe the alleged debt and demanded that the calls cease.

48. Defendant violated §1692d(5) by causing Plaintiff's cellular phone to ring repeatedly and continuously in an attempt to engage Plaintiff in conversations regarding the collection of a debt not owed by Plaintiff with the intent to annoy, abuse, or harass Plaintiff. Specifically, Defendant placed or caused to be placed numerous harassing phone calls to Plaintiff's cellular telephone from December 18, 2019 through the present day, with upwards of four calls within one 24-hour period, without her prior consent.

### c. Violations of FDCPA §1692e

49. Defendant violated §1692e, e(2), and e(10) when it used deceptive means to collect and/or attempt to collect the alleged debt. Defendant repeatedly contacted the wrong party seeking to collect upon a debt not owed by Plaintiff. Even after being apprised of its unlawful acts, Defendant continued its harassing behavior by calling Plaintiff numerous times in a deceptive attempt to force her to answer its calls and ultimately make a payment, even though the debt did not belong to her.

### d. Violations of FDCPA §1692f

50. Defendant violated §1692f and f(1) when it unfairly and unconscionably attempted to collect a debt by continuously calling Plaintiff after Plaintiff informed Defendant that she was not the owner of the debt. By placing voluminous phone calls after becoming privy to the fact that it is contacting the wrong person is unfair and unconscionable behavior. These means employed by Defendant only served to worry and confuse Plaintiff.

51. Defendant had enough information to be aware of the fact that it was calling the wrong party. Nevertheless, it persisted with its phone call campaign in contacting the wrong individual and knew that its conduct was inconvenient and harassing to Plaintiff.

52. As an experienced debt collector, Defendant knew or should have known the ramifications of collecting on a debt through incessant harassing phone calls to the phones of consumers that do not legally owe such debt.

53. Upon information and belief, Defendant systematically attempts to collect debts through harassing conduct and has no procedures in place to assure compliance with the FDCPA.

54. As stated above, Plaintiff was severely harmed by Defendant's conduct.

**WHEREFORE**, Plaintiff, NATHALIE FARJO respectfully requests that this Honorable Court:
a. Declare that the practices complained of herein are unlawful and violate the aforementioned statute;
b. Award Plaintiff statutory and actual damages, in an amount to be determined at trial, for the underlying FDCPA violations;
c. Award Plaintiff costs and reasonable attorney fees as provided under 15 U.S.C. §1692k; and
d. Award any other relief as the Honorable Court deems just and proper.

### COUNT II – VIOLATIONS OF THE TELEPHONE CONSUMER PROTECTION

55. Plaintiff restates and realleges paragraphs 1 through 54 as though fully set forth herein.

56. Defendant repeatedly sent or caused to be sent frequent non-emergency calls, including but not limited to the calls referenced above, to Plaintiff's cellular telephone number using an automatic telephone dialing system ("ATDS") without Plaintiff's consent in violation of 47 U.S.C. §227 (b)(1)(A)(iii).

57. The TCPA defines ATDS as "equipment which has the capacity…to store or produce telephone numbers to be called, using a random or sequential number generator; and to dial such numbers." 47 U.S.C. §227(a)(1).

58. Upon information and belief, based on Defendant's lack of prompt human response during the phone calls in which Plaintiff answered, Defendant used an ATDS to place calls to Plaintiff's cellular telephone.

59. Upon information and belief, the ATDS employed by Defendant transfers the call to a live agent once a human voice is detected, thus resulting in a pause after the called party speaks into the phone.

60. Upon information and belief, Defendant's phone system stores telephone numbers to be called, using a random or sequential number generator, which it used to call Plaintiff on her cellular phone.

61. Defendant violated the TCPA by placing numerous phone calls to Plaintiff's cellular phone between December 18, 2019 and the present day, after being told to cease calling, using an ADTS without her consent.

62. Any prior consent Defendant had to place calls to Plaintiff's cellular phone, if any, was revoked by Plaintiff's verbal revocation.

63. As pled above, Plaintiff was severely harmed by Defendant's collection calls to her cellular phone.

64. Upon information and belief, Defendant has no system in place to document and archive whether it has consent to continue to contact consumers on their cellular phones.

65. Upon information and belief, Defendant knew their collection practices were in violation of the TCPA, yet continued to employ them to increase profits at Plaintiff's expense.

66. Defendant, through their agents, representatives, subsidiaries, this party contractors, and/or employees acting within the scope of their authority acted intentionally in violation of 47 U.S.C. §227(b)(1)(A)(iii).

67. Pursuant to 47 U.S.C. 227(b)(3)(B), Defendant is liable to Plaintiff for a minimum of $500 per phone call. Moreover, pursuant to 47 U.S.C. §227(b)(3)(C), Defendant's willful and knowing violations of the TCPA triggers this Honorable Court's discretion to triple the damages to which Plaintiff is otherwise entitled to under 47 U.S.C. §227(b)(3)(C).

**WHEREFORE**, Plaintiff, NATHALIE FARJO, respectfully prays this Honorable Court for the following relief:

   a. Declare Defendant's phone calls to Plaintiff to be in violation of the TCPA;
   b. Award Plaintiff damages of at least $500 per phone call and treble damages pursuant to 47 U.S.C. §227(b)(3)(B)&(C);
   c. Enjoining Defendant from further contacting Plaintiff; and
   d. Awarding any other relief as this Honorable Court deems just and appropriate.

### COUNT III – VIOLATIONS OF THE ROSENTHAL FAIR DEBT COLLECTION ACT

68. Plaintiff restates and realleges paragraphs 1 through 67 as though fully set forth herein.

69. Plaintiff is a "person" as defined by Cal. Civ. Code §1788.2(g).

70. The alleged subject debt is a "debt" and "consumer debt" as defined by Cal. Civ. Code § 1788.2(d) and (f).

71. Defendant is a "debt collector" as defined by Cal. Civ. Code §1788.2(c).

    **a. Violations of RFDCPA §1788.11(e)**

72. The RFDCPA, pursuant to Cal. Civ. Code §1788.11(e), states that a debt collector may not communicate "by telephone or in person, with the debtor with such frequency as to be unreasonable and to constitute a harassment to the debtor under the circumstances."

73. Defendant violated the RFDCPA when it continuously called Plaintiff's cellular phone after she informed them that the calls were unwanted and that she was not the owner of the subject debt. This repeated behavior of systematically calling Plaintiff's phone despite her oral and written demands was oppressive, harassing, and abusive. The repeated contacts were made with the hope that Plaintiff would make a payment on a debt she did not owe. The frequency and volume of calls shows that Defendant willfully ignored Plaintiff's pleas with the intent of annoying and harassing her into submission.

74. Upon being told to stop contacting Plaintiff, Defendant acknowledged Plaintiff's demands to cease calling. Nevertheless, Defendant consciously chose to continue placing phone calls to Plaintiff's cellular telephone.

75. As alleged above, Plaintiff was harmed by Defendant's actions and inactions.

**WHEREFORE**, Plaintiff, NATHALIE FARJO, respectfully requests that this Honorable Court:
    a. Declare that the practices complained of herein are unlawful and violate the aforementioned statute;
    b. Award Plaintiff actual damages, pursuant to Cal. Civ. Code § 1788.30(a);
    c. Award Plaintiff statutory damages up to $1,000.00, pursuant to Cal. Civ. Code § 1788.30(b);
    d. Award Plaintiff costs and reasonable attorney fees as provided pursuant to Cal. Civ. Code § 1788.30(c); and
    e. Award any other relief as this Honorable Court deems just and proper.

**Plaintiff demands trial by jury.**

Date: February 24, 2020

Respectfully submitted,

By: */s/ Nicholas M. Wajda*
Nicholas M. Wajda (State Bar No. 259178)
**WAJDA LAW GROUP, APC**
6167 Bristol Parkway, Suite 200
Culver City, California 90230
Telephone: 310-997-0471
Email: nick@wajdalawgroup.com
*Attorney for Plaintiff*